_____ FILED        _____ ENTERED
_____ LODGED    _____ RECEIVED

**AUG 09 2023**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Judge Lasnik

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARAVOUTH SUN,<br><br>Defendant. | No. CR23-0127 RSL<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Andrew C. Friedman of the Western District of Washington and Saravouth Sun and his attorney, Daniel Norman, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.      **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

Plea Agreement - 1
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.    **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to each of the following charges contained in the Information:

a.    Felon in Possession of a Firearm, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1).

b.    Possession with Intent to Distribute Fentanyl and Methamphetamine, as charged in Count 2, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(B).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that, before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.    The elements of being a felon in possession of a firearm, as charged in Count 1, are:

First, Defendant knowingly possessed a firearm or ammunition;

Second, the firearm or ammunition had been shipped or transported from one state to another or between a foreign nation and the United States;

Third, at the time Defendant possessed the firearm or ammunition, the defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year; and

Fourth, at the time Defendant possessed the firearm or ammunition, the defendant knew he had been convicted of an offense punishable by imprisonment for a term exceeding than one year.

b.    The elements of Possession with Intent to Distribute Fentanyl and Methamphetamine, as charged in Count 2, are:

Plea Agreement - 2
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

First, Defendant knowingly possessed fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide) or methamphetamine; and

Second, Defendant possessed it with the intent to distribute it to another person.

4.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.      For the offense of being a Felon in Possession of a Firearm, as charged in Count 1:  a maximum term of imprisonment of up to fifteen (15) years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

b.      For the offense of Possession with Intent to Distribute Fentanyl and Methamphetamine, as charged in Count 2:  a maximum term of imprisonment of up to forty (40) years, with a mandatory minimum term of imprisonment of five (5) years, a fine of up to $5,000,000, a period of supervision following release from prison of at least four (4) years and up to five (5) years, and a mandatory special assessment of $100.

c.      Defendant further understands that, in order to invoke the statutory sentence for the drug offense charged in Count 2, the United States must prove beyond a reasonable doubt that the offense charged in this Count involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide) and 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.  Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of these pleas of guilty that the offenses charged in Count 2 involved more than these quantities and types of drugs.

Plea Agreement - 3
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 4
*United States v. Saravouth Sun*, CR23-0127RAJ

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

        a.    The right to plead not guilty and to persist in a plea of not guilty;

        b.    The right to a speedy and public trial before a jury of Defendant's peers;

        c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

        d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

        e.    The right to confront and cross-examine witnesses against Defendant at trial;

        f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

        g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

        h.    The right to appeal a finding of guilt or any pretrial rulings.

7.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the

Plea Agreement - 5
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

      a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

      b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts**.  The parties agree on the following facts.  Defendant admits he is guilty of the charged offenses:

> Defendant, Saravouth Sun, has been convicted of crimes punishable by imprisonment for a term greater than one year in four different cases.  Among other such

Plea Agreement - 6
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

convictions, he was convicted federally of Felon in Possession of a Firearm, Distribution of Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in the United States District Court for the Western District of Washington, under case number CR09-0309RSL, on or about February 5, 2010. And he was convicted federally of Escape, in United States District Court for the Western District of Washington, under case number CR16-0204JCC, on or about April 4, 2017.

On November 16, 2022, Sun had absconded from federal and state supervision. Law enforcement agents seeking to arrest Sun on resulting warrants spotted Sun driving a Nissan Sentra in Everett, Washington. The agents subsequently observed the car, unoccupied, in a parking lot outside an apartment building on West Casino Road in Everett. The agents set up surveillance and observed Sun walk to the car with a backpack, place the backpack in the car, and sit in the driver's seat. When agents approached the car, Sun started the car, which lurched forward over some shrubs and came to a rest.

Agents ordered Sun to get out of the car, which Sun did. Agent asked Sun if he was armed, and Sun responded that he had a gun in his waistband. Agents recovered a Springfield XD .45 caliber pistol from Sun's waistband. Sun was carrying a fanny pack. Agents recovered $6,244.25 in cash from the fanny pack. This cash was the proceeds of Sun's drug distribution, and/or property traceable to drug proceeds (that is, gambling of drug proceeds).

Agents subsequently searched the car. Inside the car, they found a backpack. Inside the backpack they found

- a Ruger P95 9mm pistol,
- approximately 40 rounds of ammunition,
- approximately 1045 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4 piperidinyl] propenamide),
- approximately 71 grams of methamphetamine
- approximately 26 grams of heroin
- approximately 10 grams of marijuana
- a digital scale, and empty Ziploc baggies

Plea Agreement - 7
*United States v. Saravouth Sun*, CR23-0127RAJ

The two pistols and the ammunition that the agents recovered from Sun and the backpack all were manufactured outside the State of Washington and travelled to the State of Washington in interstate commerce. On November 16, 2022, Sun knew that he previously had been convicted of crimes punishable for a term of imprisonment of more than one year. Sun intended to distribute the fentanyl and heroin that the agents recovered from the backpack.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree they are free to present arguments regarding the applicability of all provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject any stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees that it will recommend a sentence that is no greater than the low end of Sun's advisory sentencing range under the Sentencing Guidelines. Defendant understands that this recommendation is not binding

Plea Agreement - 8
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

on the Court and the Court may reject the recommendation and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant shall be free to recommend any sentence equal to or greater than the five (5) year mandatory minimum sentence. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Supervised Release Violation Proceeding**. In addition to this case, the Defendant is facing alleged violations of the terms of his supervision in *United States v. Saravouth Sun*, CR16-0204JCC. Defendant agrees to admit those violations. The government agrees that it will recommend a sentence no greater than the low end of Sun's advisory sentencing range under the Sentencing Guidelines for the violations. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant shall be free to recommend any sentence he wishes for the violations. Both parties shall be free to recommend that the sentence for the violations be concurrent or consecutive to the sentence in this case.

14. **Forfeiture of Assets**. Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in any firearms and associated ammunition involved in his commission of Felon in Possession of a Firearm, as charged in Count 1. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c).

Defendant also agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property that facilitated and/or constitutes proceeds of his commission of Possession with Intent to Distribute Fentanyl and

Plea Agreement - 9
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Methamphetamine, as charged in Count 2. All such property is forfeitable pursuant to Title 21, United States Code, Section 853.

Defendant consents to the forfeiture of Defendant's right, title, and interest of the $6,244.25 in cash seized from him on November 16, 2022, which he agrees are proceeds of his drug trafficking proceeds and/or traceable to his drug trafficking proceeds, and are thus forfeitable to the United States pursuant to Title 21, United States Code, Section 853, in any administrative and/or judicial (civil or criminal proceeding) at the United States' exclusive discretion. Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the $6,244.25 in cash. Defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

Defendant agrees to fully assist the United States in the forfeiture of the above-described forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

Defendant agrees not to file any claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, in which Defendant has any interest, if that property was involved in his commission of Felon in Possession of a Firearm or

Plea Agreement - 10
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

facilitated and/or constituted proceeds of his commission of Possession with Intent to Distribute Fentanyl and Methamphetamine.

15. **Abandonment of Contraband.** Defendant agrees to abandon the two pistols and the ammunition seized from him on November 16, 2022. Defendant also agrees to abandon any other illegal contraband that was in Defendant's direct or indirect control. Defendant consents to the forfeiture, administrative disposition, official use, and/or destruction of all of these items.

16. **Sentencing Enhancement Information – Agreement not to File.** Pursuant to this Plea Agreement, and conditioned upon Defendant's fulfillment of all of its terms and conditions, the United States agrees not to file an enhanced penalty information alleging Defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.

17. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 11
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory

Plea Agreement - 12
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

       a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

       b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

20.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

21.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 13
*United States v. Saravouth Sun*, CR23-0127RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22.    **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 9TH day of August, 2023.

_____
SARAVOUTH SUN
Defendant

_____
DANIEL NORMAN
Attorney for Defendant

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

Plea Agreement - 14
*United States v. Saravouth Sun*, CR23-0127RAJ